IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33098-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW JACKSON GILBERT, JR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Andrew Gilbert appeals his conviction for attempting to elude and second degree vehicle prowling, arguing that the eluding charge should be dismissed. Distinguishing the case he relies upon, we affirm.

FACTS

In the late evening of August 26, 2014, a Moses Lake police sergeant chased, but was unable to apprehend, a motorcycle containing two people. The sergeant broke off pursuit when the motorcycle drove at high speed through a residential area. About two hours later, a man call 911 to report that someone was in his pickup truck while another person waited nearby on a motorcycle. An officer responded to the location and saw the two men. They got on the motorcycle and fled with the officer giving chase.

The motorcycle eventually crashed and the occupants were arrested after fleeing on foot. Mr. Gilbert was identified as the motorcycle driver during the second pursuit. The prosecutor ultimately charged Gilbert in count 1 with attempting to elude for the successful evasion of the sergeant on August 26; count 2 was identified as attempting to elude on August 27; count 3 alleged second degree vehicle prowling on August 27. The matter proceeded to jury trial.

There was no identification of Mr. Gilbert as the driver on the August 26 eluding count and that charge was dismissed at the conclusion of the State's case. The remaining charges, identified in the charging documents as counts 2 and 3, were submitted to the jury. The jury was instructed on the elements of the charge of eluding "as charged in count one" and the verdict form for that count identified the attempting to elude "as charged in count one." Clerk's Papers (CP) at 112, 122. In contrast, the elements and verdict form for the vehicle prowling did not make any reference to a "count." CP at 117, 123.

The jury convicted Mr. Gilbert on both charges submitted to it. He then timely appealed to this court.

## ANALYSIS

The sole challenge raised in this appeal concerns the attempting to elude count. Mr. Gilbert argues that because the jury instructions and verdict referred to the eluding

2

"as charged in count one" when in fact, count one had already been dismissed, there is no valid verdict on the eluding charge. However, there was no error.

Mr. Gilbert contends this case is controlled by *State v. Rooth*, 129 Wn. App. 761, 121 P.3d 755 (2005).[1] Although there are some superficial similarities between this case and that one, the error identified in *Rooth* did not occur in this case.

As relevant here, *Rooth* involved a prosecution for two counts of unlawful possession of a firearm; one of the weapons was a .22 caliber handgun and the other a 9 mm handgun.[2] The 9 mm gun was identified in the charging document as the basis for count I, while the .22 caliber was the basis for count II. *Id.* at 769. However, the court's instructions and accompanying verdict forms reversed the count number for each weapon from the count number used in the charging document. *Id.* During closing argument, the prosecutor conceded that the evidence was insufficient to support the charge involving the .22 caliber handgun. The jury acquitted the defendant on count one and convicted on count two. *Id.* at 769-770.

---

[1] Mr. Gilbert also contends his counsel was ineffective for failing to identify and challenge the verdict form. Since we address the merits of his instructional challenges and conclude that there was no prejudicial error, we decline to further address the ineffective assistance contention.

[2] Three additional charges were submitted to the jury but are not relevant to the issue presented here. 129 Wn. App. at 766.

Division Two concluded that the "as charged in count" language of the verdict forms referenced the charging documents.[3] *Id.* at 772. The appellate court then interpreted the jury's acquittal on "count I" as involving the 9 mm handgun. *Id.* Because the evidence concerning the .22 caliber handgun was insufficient, the jury's verdict on "count II" was reversed. *Id.*

Similarly here, Mr. Gilbert argues that the "as charged in count one" language used in the eluding count instructions should be read to refer to the dismissed August 26 eluding instead of the August 27 eluding presented to the jury. For a couple of reasons, there was no risk here of any similar confusion to that which occurred in *Rooth*.

First, there is no indication in our record that the jury here was ever notified about the charging document, let alone the numbering of counts in that document. While any initial instructions to the venire were not transcribed for appeal, the court's preliminary instructions do not at all refer to the charges before the jury and the court's written instructions likewise only reference a single eluding charge rather than the two similar counts described in the charging document.

More critically, unlike the jury in *Rooth* that rendered verdicts on two similar weapons charges, the jury here decided only a single eluding charge. There was no

---

[3] The court's opinion does not indicate whether the charging document was read to the jury or whether the contents of the charging document were otherwise identified to the jury.

No. 33098-2-III
*State v. Gilbert*

possibility of confusion between multiple similar charges as might have occurred in

*Rooth.* Here the jury was told that it was to consider whether the prosecution had proved

the elements of an attempting to elude count committed on August 27 "as charged in

count one." The verdict form similarly referred to the eluding "as charged in count one."

The elements instruction and the verdict form were internally consistent, even if

denominating the "count one" eluding charge differently than it had been alleged in the

charging document.

We see no risk of jury confusion here. The panel was properly instructed solely

on one count of attempting to elude and returned a single verdict on a single eluding

charge. If there were any error here at all, it was a mere clerical error. Mr. Gilbert's right

to a jury determination of the charge against him was not impinged in the slightest.

The convictions are affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____          _____
Fearing, J.                              Price, J.P.T.

5